United States District Court
Southern District of Texas
**ENTERED**
July 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-371-3 |
| | § | CIVIL NO. 2:19-335 |
| ROBERT LEWIS FOX, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Robert Lewis Fox filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support. D.E. 109, 110. Now pending is the United States of America's (the "Government") Motion to Dismiss (D.E. 130), to which Movant did not respond. For the reasons stated herein, the Government's motion to dismiss is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

During an undercover narcotics investigation spanning from July 19, 2015, until January 13, 2017, an undercover Three Rivers police officer and a Live Oak County confidential informant bought methamphetamine from Movant, Sherry Arrisola, and others at Movant's home.[1] A search warrant was executed at Movant's home on January 13, 2017, and roughly 12 grams of methamphetamine were found. While agents were executing the warrant, Arrisola arrived at the home, and a pouch containing small baggies used to package narcotics was discovered in her vehicle.

---

1. These facts are taken from the "Factual Basis for Guilty Plea" set forth in Movant's written Plea Agreement. D.E. 54, ¶ 12.

1

Movant, Arrisola, and two others were charged with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Movant was also charged with five substantive counts of possession with intent to distribute methamphetamine (Counts 2, 3, 4, 6, 8), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Movant pled guilty to Count 1 pursuant to a written Plea Agreement on June 28, 2018. *See* D.E. 54. In exchange for his plea, the Government agreed to dismiss the remaining counts and recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of his Plea Agreement, Movant waived his right to appeal his conviction or sentence or to file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

Movant was sentenced to 96 months' imprisonment, to be followed by 4 years' supervised release. Judgment was entered November 26, 2018. Movant did not appeal. His conviction became final on December 10, 2018, the last day to file a notice of appeal. *See* FED. R. APP. 4(b)(1)(A)(i). He filed the present § 2255 motion on November 4, 2019. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion alleges that defense counsel was constitutionally ineffective because, had he performed an adequate investigation, he would have discovered that the search warrant for Movant's home was improperly issued. Movant claims that, as a result of his counsel's failure to investigate, his Fourth Amendment right against illegal

2

searches and seizures, Sixth Amendment right to counsel, and Fourteenth Amendment right to due process were violated.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see also United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead*, 37 F.3d at 206 (citing *Hill v. Lockhart*, 474 U.S. 52 (1985).

## IV. ANALYSIS

Movant claims that, had counsel performed an adequate investigation, he would have discovered that the search warrant was improperly issued because: (1) it was not supported by an affidavit, and (2) at least one drug transaction supporting the warrant's issuance was fabricated by two confidential informants (CIs), and "[n]o confidential informant acting at the instruction of law enforcement selling drugs to another confidential informant can give rise to probable cause to enter a home." D.E. 110, p. 7.

In support of this claim, Movant states that neither he nor his mother has been able to obtain a copy of the search warrant affidavit for his home, despite visiting the Live Oak County Courthouse and submitting open records requests to the Live Oak County District Clerk. He therefore concludes that no search warrant affidavit existed.

Movant further states that he was "told that [Arrisola] sold drugs to a Mario Moya during the morning of January 13, 2017," the same day law enforcement "raided" Movant's home. D.E. 110, p. 3. "[A]ccording to the police reports, Mario Moya was the CI." *Id.* at 5. Movant claims that "Moya committed suicide a few days after the incident due to the shame and guilt that he felt for . . . fabricating a buy at [Movant's] home." *Id.* at 3. He alleges that Arrisola was also a CI because she was never charged in state court, and she "told [Movant] that she was working for the Live Oak County Sheriff to set-up a motel manager for a drug deal." *Id.* at 4. He further speculates that Arrisola must have been in contact with Live Oak County deputies shortly before they raided his home and told them Movant was feeling ill that day because, upon entering his home, they immediately began inquiring how he felt.

Movant maintains that he shared this information with counsel at the time, but counsel made no attempt to investigate these irregularities. According to Movant, had counsel followed up on his leads, counsel would have discovered that the search of Movant's home was illegal, the methamphetamine discovered during the search would have been suppressed as fruit of the poisonous tree, and the charges against Movant would have been dismissed.

In response to Movant's § 2255 claims, defense counsel Shawn C. Brown ("Counsel") submitted a sworn affidavit, to which he attached a copy of the Search Warrant Affidavit. *See* Brown Aff., D.E. 125-1. The Search Warrant Affidavit detailed two controlled buys that the CI made at Movant's residence, one 10 days before the preparation of the Affidavit and another 24 hours beforehand. *Id.* at 4, ¶¶ 9–14. Counsel states that Movant "was shown the Search Warrant Affidavit and all of the discovery numerous times throughout my years of representing him," and "[i]t is simply untrue when [Movant] says he never saw the search warrant affidavit." *Id.* at 1. "Not once did [Movant] and I have a disagreement about the validity of the search warrant, nor did he complain that he had not seen the Search Warrant Affidavit." *Id.* at 3. Counsel further states that, given Movant's own admission that "[w]e had two bags of methamphetamine containing approximately 4 grams on the table with us" at the time officers executed the search warrant, Movant's claim that Arrisola sold methamphetamine to Moya inside his home "without [his] knowledge or reasonable foreseeability is highly unlikely and stretches the bounds of belief." *Id.* at 2 (citing Fox. Aff., D.E. 110, p. 11).

The Court agrees. Movant has offered no evidence, beyond his own self-serving affidavit, that Arrisola and Moya fabricated the drug transactions cited in the Search Warrant Affidavit or that the search warrant was issued without probable cause. The record shows that Counsel was not ineffective for failing to perform an adequate investigation. This claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 109) is **DENIED**, and Movant is further **DENIED** a Certificate of Appealability.

**ORDERED** July 6, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE